IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE BARWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-048 |
| | ) | |
| CAPTAIN ADAM CUMBIE and | ) | |
| WHEELER CORE CIVIC, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wheeler Correctional Facility, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On July 1, 2024, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 4, p. 1.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Id. at 4.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's July 1st Order. Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff

has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.  As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA